UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL C. BRIDGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-814-SEB-TAB |
| | ) | |
| JUDY S. NEDEDOG, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

This is a civil rights action in which plaintiff Michael C. Bridges ("Bridges") alleges that the defendant, Officer Judy S. Nededog ("Officer Nededog") issued a conduct report on February 20, 2006, charging Bridges with violating a prison rule and that this conduct report was issued in retaliation for grievances that he had submitted in 2006. Bridges asserts that the defendant's actions violated the First Amendment of the United States Constitution and IND. CODE §§ 11-11-1-2(4).

Officer Nededog seeks resolution of the claims against her through the entry of summary judgment. Having considered the pleadings and Officer Nededog's motion, and being duly advised, the court finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1. Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

   a. "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c)) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

   b. The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). The means by which this purpose is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

  c. "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

  d. Bridges failed to respond in any substantive way to the motion for summary judgment, despite having had many months in which to do so. Accordingly, the factual assertions on which that motion is based which are properly supported by the evidentiary record are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). By not responding to the motion for summary judgment, Bridges has conceded Officer Nededog's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which Bridges was notified. This does not alter the standard for assessing a Rule 56(c)) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

 2. Bridges' federal claim is asserted pursuant to 42 U.S.C. § 1983. This court has jurisdiction over both the subject matter of the action and the parties to the action. 28 U.S.C. § 1331(a) and 1343(a).

 3. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

 4. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). A prisoner is entitled to use grievance procedures without fear of recrimation, and if a prison official retaliates, she violates the inmate's First Amendment rights. *Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996). "Prisoners' grievances, unless frivolous, concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment." *Hasan,* 400 F.3d at 1005 (internal citation omitted). To prevail on a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a motivating factor in the state actor's decision to take adverse action. *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)).

 5. The evidentiary record, construed most favorably to Bridges as the non-movant, shows the following:

a.  Bridges was confined for a period of time at the Correctional Industrial Facility ("CIF"). The CIF is a prison operated by the Indiana Department of Correction ("DOC"). Officer Nededog is employed by the DOC at the CIF.

b.  Officer Nededog's duties include monitoring offender movement within the CIF and submitting conduct reports for any violations of the rules governing inmate conduct. At the time pertinent to the claims in this case, she was normally assigned to work in the yard and monitor movement of offenders between the dining hall, cell houses and other buildings.

c.  It is CIF policy that an offender must wear his identification card at all times when he is not within his housing unit. The failure to display the identification card when required to do so is an infraction subject to a conduct report for violating an institutional rule.

d.  February 20, 2006, Officer Nededog noticed Bridges standing in line waiting for his food. At that time, Bridges was not wearing his identification card. Officer Nededog approached Bridges and reminded him that he needed to wear his identification card at all times outside of his housing unit. This information had been relayed by her to Bridges on numerous occasions during the previous months.

e.  When Bridges was leaving the dining hall on February 20, 2006, he was displaying a medical treatment card instead of his identification card. Based upon Bridges' failure to comply with Officer Nededog's previous instructions, she completed a conduct report.

f.  After being supplied with a copy of the conduct report, a hearing was held on the matter and Bridges was found guilty of a lesser included offense.

g.  Prior to the issuance of the conduct report on February 20, 2006, Bridges had filed a grievance claim that Officer Nededog was harassing him. This grievance, assigned log number 8185, was received from Bridges on February 10, 2006. This grievance was rejected for procedural reasons on February 17, 2006, without being forwarded to Officer Nededog.

h.  Officer Nededog was unaware of Bridges' grievance (log number 8185) when she issued the conduct report on February 20, 2006. The motivation for Officer Nededog issuing the conduct report was not based upon any grievances submitted by Bridges.

I.  Another grievance, log number 8683, was received from Bridges on February 22, 2006, claiming that Officer Nededog was harassing him. Officer Nededog first learned of the grievance identified as log number 8683 on February 3, 2006.

j.  Bridges' sole claim in this action relates to his assertion of Officer Nededog's motivation in issuing the conduct report on February 20, 2008. Officer Nededog did not issue that conduct report, however, because of any grievances Bridges filed against her.

      6.      To succeed on his retaliation claim, Bridges is required to prove that his protected conduct--filing the grievance--was a motivating factor behind Officer Nededog's conduct report. He has failed to produce any evidence of this, and in fact the evidentiary record negates that very point. That record shows, without contradiction, that the reason for the issuance of the conduct report was Officer Nededog's belief that Bridges had violated the CIF policy regarding inmates displaying their identification cards when not in their housing units. These circumstances compel the conclusion that Officer Nededog's motion for summary judgment must be granted. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party.").

      7.      The foregoing resolves Bridges' federal claim. This court's jurisdiction over his pendent claim under Indiana law is conferred by 28 U.S.C. § 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c))(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998). The Court of Appeals for the Seventh Circuit has frequently noted that the general rule is to dismiss the supplemental state claims without prejudice when the federal claims are dismissed prior to trial. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 727 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998). "In deciding whether to exercise pendent jurisdiction, the district court must weigh the value of judicial economy, convenience, fairness, and comity in light of the facts of the case and the stage of the litigation." *Larkin v. Town of West Hartford,* 891 F.Supp. 719, 731 (D.Conn. 1995) (citation and internal quotation marks omitted), *aff'd,* 101 F.3d 109 (2d Cir. 1996). Accordingly, the general rule will be followed in this case and the pendent claim under Indiana state law will be dismissed for lack of jurisdiction.

      **IT IS SO ORDERED.**

Date: 03/21/2008

                                                    SARAH EVANS BARKER, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana